UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EMMANUEL JOSEPH CAIN,           )
           )
        Petitioner,           )
           )
        v.           )      No. 1:20-cv-00179-JPH-TAB
           )
MARC R. KELLAMS,           )
           )
        Respondent.           )

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Emmanuel Cain, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging his convictions for dealing in cocaine under Indiana Case No. 53C02-1308-FB-797. Mr. Cain's petition raises three grounds for relief: (1) the admission of video evidence capturing controlled cocaine buys violated the Fourth Amendment of the United States Constitution and Article 1, § 13 of the Indiana Constitution; (2) ineffective assistance of trial counsel when his counsel failed to object to the admission of this video evidence under the Fourth Amendment; and (3) ineffective assistance of appellate counsel when his counsel failed to argue that the admission of this video evidence violated the Fourth Amendment.

For the reasons explained in more detail below, Mr. Cain's habeas petition is **DENIED**, and a certificate of appealability shall not issue.

**I.**
**BACKGROUND**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C.

§ 2254(e)(1). On appeal of Mr. Cain's petition for post-conviction relief, the Indiana Court of

Appeals summarized the relevant facts and procedural history as follows:

> On July 18, 2013, confidential informant C.H. contacted Bloomington Police Department Detective Erich Teuton. Detective Teuton arranged to have C.H. buy drugs from Cain at a hotel in Bloomington and met her there at 8:30 p.m. Detective Teuton searched C.H. for drugs and money, and he provided her with a video recording device and money to buy drugs. C.H. then bought two half-gram bags of crack cocaine from Cain. The resulting buy video was of poor quality, and C.H. had entered another room before locating Cain.
>
> In order to obtain better quality, recorded evidence, C.H. and Detective Teuton conducted two similar controlled buys from Cain the following day, this time using a different recording device. The first buy on July 19 yielded two bags containing .27 grams and .19 grams of crack cocaine, and the second buy yielded two more bags containing .27 and .23 grams of crack cocaine. The Indiana State Crime Lab tested the larger bags from each buy and confirmed that both contained a cocaine base.
>
> On August 15, 2013, the State charged Cain with three counts of dealing in cocaine, all as Class B felonies, each of which related to one of the three sales of crack cocaine that transpired on July 18 and 19. At his ensuing jury trial on April 14, 2014, the trial court admitted into evidence the video recordings of Cain's sales to C.H. and Detective Teuton's related testimony. Cain did not object to the admission of this evidence. However, after the jury had returned its verdicts, Cain for the first time complained that the State's video evidence violated his Sixth Amendment rights.
>
> Cain appealed, challenging his convictions and his twenty-year aggregate sentence. He raised three issues: whether the trial court committed fundamental error when it admitted recordings of Cain's drug transactions and testimony regarding those recordings; whether sufficient evidence supported his convictions; and whether his sentence was inappropriate. His convictions and sentence were affirmed and the Indiana Supreme Court denied transfer.
>
> On January 22, 2016, Cain filed his petition for post-conviction relief, which was amended on February 28, 2018. Also on February 28, the post-conviction court conducted a hearing at which argument was heard but no testimony was presented. On May 9, 2018, the post-conviction court entered its findings, conclusions, and order denying Cain post-conviction relief. He now appeals.

Dkt. 10-4, pp. 2-4 (internal citations omitted).

In his post-conviction appeal, Mr. Cain argued that he received ineffective assistance of trial counsel when his counsel failed to raise Fourth Amendment and Article 1, § 13 objections to the admission of video evidence of the controlled cocaine buys. *Id.* at 5-8. He also argued that he received ineffective assistance of appellate counsel because counsel "prejudiced him by not raising grounds of exclusion of admissible evidence." *Id.* at 8-9.[1]

The Indiana Court of Appeals articulated the two-prong test for ineffective assistance of counsel forth in *Strickland v. Washington*, 466 U.S. 668, 698 (1984):

> We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland*. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. Deficient performance is that which falls below an objective standard of reasonableness. Prejudice exists when a claimant demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 5 (internal quotations and citations omitted).

Relying on precedent from the Indiana Supreme Court and the United States Supreme Court, the Indiana Court of Appeals held that the video recordings of the controlled buys did not violate Mr. Cain's rights under the Fourth Amendment or Article 1, § 13. *Id.* at 7 (citing *Snellgrove v. State*, 569 N.E.2d 337, 339-40 (Ind. 1991); *United States v. White*, 401 U.S. 745, 752 (1971)). Because the court held there was not an underlying constitutional violation, the court also held that Mr. Cain was not prejudiced by his trial counsel's failure to object. Dkt. 10-4, pp. 7-8.

Turning to Mr. Cain's claim for ineffective assistance of appellate counsel, the court determined that Mr. Cain "fail[ed] to develop a corresponding argument" and summarily denied his claim. *Id.* at 8.

---

[1] Mr. Cain also argued that he received ineffective assistance of trial counsel because his counsel had a conflict of interest that hindered his ability to provide adequate representation. Dkt. 10-4, p. 5. He has not raised this claim in his petition for a writ of habeas corpus.

## II.
## LEGAL STANDARD

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]"

4

*Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

### III.
### DISCUSSION

Mr. Cain's habeas petition raises three claims for relief: (1) the admission of video evidence capturing the controlled cocaine buys violated his rights under the Fourth Amendment and Article 1, § 13 of the Indiana Constitution; (2) ineffective assistance of trial counsel when his counsel failed to object to the admission of this video evidence under the Fourth Amendment; and (3)

ineffective assistance of appellate counsel when his counsel failed to argue that the admission of this video evidence violated the Fourth Amendment.

### A. Independent Fourth Amendment and Article 1, § 13 Claims

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister*, 834 F.3d 808, 815 (7th Cir. 2016) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (in turn citing 28 U.S.C. § 2254(b)(1)(A)). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id*. at 1025-26. A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted).

Mr. Cain did not present his independent Fourth Amendment claim or Article 1, § 13 claim through a complete round of state court review. Indeed, he did not raise either claim at any level of the state court proceedings. Further, his Article 1, § 13 claim is a non-cognizable issue of state law. *See Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) ("Errors of state law in and of themselves are not cognizable on habeas review." (citation and quotation marks omitted)). Accordingly, his request for relief on these claims is **DENIED**.

### B. Ineffective Assistance of Counsel Claims

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland*, 466 U.S. at 687. To succeed on a claim that counsel was ineffective, a petitioner must show (1) that counsel's performance "fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687−88. Where the provisions of § 2254(d) apply, courts apply two layers of deference in assessing

counsel's performance: "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

### 1.   Ineffective Assistance of Trial Counsel

The Indiana Court of Appeals correctly identified *Strickland* as the controlling precedent for ineffective assistance of counsel claims. Dkt. 10-4, p. 5. The court then identified the rule set forth in *White*, which held that the admission of an audio recording of a conversation between a defendant and a criminal informant does not violate the Fourth Amendment, even when the defendant was unaware that the conversation was being recorded. *Id.* at 7 (citing 401 U.S. at 752). Applying this principle to the facts of Mr. Cain's ineffective assistance of trial counsel claim, the court reasoned that the admission of the video recording in this case did not violate Mr. Cain's Fourth Amendment rights. *Id.* Because there was not an underlying Fourth Amendment violation, the court held that Mr. Cain was not prejudiced by his trial counsel's performance and affirmed the denial of his ineffective assistance of trial counsel claim.

The Indiana Court of Appeals correctly identified the standard for an ineffective assistance of trial counsel claim and reasonably applied Supreme Court precedent when it determined that the claim was without merit. Mr. Cain has not met the high bar to prevail on an ineffective assistance of trial counsel claim on habeas review, and his request for relief on this claim is **DENIED**.

### 2.   Ineffective Assistance of Appellate Counsel

A "federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal

quotation marks omitted). This doctrine is premised on the rule that federal courts have "no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state-law ground precluding review by a federal habeas court "may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315.

"In assessing the adequacy of a state procedural ruling, federal courts do not review the merits of the state court's application of its own procedural rules. Instead, we ask whether the rule invoked was firmly established and regularly followed." *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015) (citations and quotations marks omitted). In sum, "[i]f a state court clearly and expressly states that its judgment rests on a state procedural bar and does not reach the merits of a federal claim, then [a federal court is] unable to consider that claim on collateral review." *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010).

Here, the Indiana Court of Appeals summarily denied Mr. Cain's ineffective assistance of appellate counsel claim because he "fail[ed] to develop a corresponding argument". Dkt. 10-4, p. 8.

Indiana appellate courts regularly find waiver under the Indiana Rules of Appellate Procedure when a party fails to present relevant authority or make a cogent argument. *E.g. Dye v. State*, 717 N.E.2d 5, 13 (Ind. 1999); *Smith v. State*, 802 N.E.2d 948, 955 n. 7 (Ind. Ct. App. 2004); *Martin v. Brown*, 129 N.E.3d 283, 285 (Ind. Ct. App. 2019). Because the Indiana Court of Appeals relied on an independent and adequate state law procedural rule in denying Mr. Cain's ineffective assistance of appellate counsel claim, this claim is procedurally defaulted. *See Conner*, 375 F.3d at 648; *Clemons*, 845 F.3d at 819; *Walker*, 562 U.S. at 316. Accordingly, Mr. Cain's request for relief on this claim is **DENIED**.

**IV.**
**CERTIFICATE OF APPELABILITY**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because reasonable jurists would all agree that Mr. Cain's claims are procedurally defaulted, non-cognizable, or otherwise without merit, no certificate of appealability shall issue.

## V.
## CONCLUSION

Mr. Cain's petition for a writ of habeas corpus is **DENIED**. A certificate of appealability

shall not issue. Final judgment will issue in accordance with his Order.  Petitioner's motion for a

status update is **DENIED** as moot.  Dkt. [18].

**SO ORDERED.**

Date: 7/29/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EMMANUEL JOSEPH CAIN
192719
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Justin F. Roebel
INDIANA ATTORNEY GENERAL
justin.roebel@atg.in.gov