UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EMMANUEL JOSEPH CAIN, | ) |
|             Petitioner, | ) ) ) |
|             v. | )    No. 1:20-cv-00179-JPH-TAB ) |
| MARC R. KELLAMS, | ) ) |
|             Respondent. | ) |

**Order Denying Petitioner's Motions to File a Belated Notice of Appeal**

This Court denied Mr. Cain's habeas petition and entered final judgment on July 29, 2021. On September 10, 2021, Mr. Cain filed two motions for leave to file a belated notice of appeal. The Court finds that Mr. Cain has not shown that his failure to file a timely notice of appeal resulted from good cause or excusable neglect, and the motions are therefore **DENIED**.

### I. Legal Standard

A notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal if the party moves for an extension of time within 30 days after the deadline expires *and* if the party shows excusable neglect or good cause.

The standard for reviewing whether neglect was "excusable" is an "equitable" one, taking into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005). "The term 'excusable neglect' as used in Rule 4(a)(5) refers to the missing of a deadline as a result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of

ambiguous rules." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). A "simple case of miscalculation" regarding deadlines is not a sufficient reason to extend time, and judges do not have "carte blanche" authority to allow untimely appeals. *Marquez*, 424 F.3d at 541.

## II. Background

Mr. Cain's petition challenged his convictions for dealing in cocaine under Indiana Cause No. 53C02-1308-FB-797. His petition raised three claims for relief: (1) the admission of video evidence capturing controlled cocaine buys violated the Fourth Amendment and the Indiana Constitution; (2) his trial counsel was ineffective for failing to object to the admission of this video evidence under the Fourth Amendment; and (3) his appellate counsel was ineffective for failing to argue that the admission of this video evidence violated the Fourth Amendment.

The Court denied Mr. Cain's petition. Mr. Cain's freestanding Fourth Amendment and Indiana Constitution claims were denied for failure to exhaust available state court remedies. *See* dkt. 19, p. 6. His ineffective assistance of trial and appellate counsel claims were denied because the Indiana Court of Appeals reasonably held that the video recordings of the controlled buys did not violate Mr. Cain's Fourth Amendment rights and, therefore, counsels' performance was not deficient. *Id.* at 6-7 (citing the Indiana Court of Appeals' reliance on the Supreme Court's decision in *United States v. White*, 401 U.S. 745, 752 (1971)). The Court did not grant Mr. Cain a certificate of appealability. Dkt. 19, p. 9. Final judgment was entered on July 29, 2021. Dkt. 20.

On September 10, 2021, Mr. Cain filed two motions for leave to file a belated notice of appeal. *See* dkts. 21, 22. Mr. Cain says that he failed to file a timely notice of appeal because "the Notary Party made an error instead of E-Filing the Notice of Appeal, [he] notarized the Notice of Appeal." Dkt. 22, p. 2. He also says that "due to Pendleton's facility restricted movement, it's

no guarantee that plaintiff / petitioner Cain would have had law library access in time to file a notice of appeal." Dkt. 21, p. 2.

### III. Discussion

Mr. Cain has not carried his burden of showing good cause or excusable neglect. It appears that, rather than going to the law library to file his notice of appeal, he attempted to recruit a Notary Public to file the notice of appeal for him. The record does not indicate that this Notary Public is responsible for helping inmates with filing documents in federal court. Nor has Mr. Cain described his interactions with the Notary Public in any meaningful detail or indicated the Notary Public agreed to file the notice of appeal on his behalf. And while Mr. Cain refers to restricted movements at his facility, he has not shown that he made requests for law library access that were denied or that he was actually unable to file the notice of appeal within the 30-day deadline because of movement restrictions at his facility. Instead, he casts his motion in speculative and conditional language: "it's no guarantee that plaintiff / petitioner Cain *would have had* law library access in time to file a notice of appeal." Accordingly, the motions for leave to file a belated notice of appeal, dkts. [21] and [22], are **DENIED**.

**SO ORDERED**.

Date: 1/10/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EMMANUEL JOSEPH CAIN
192719
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Justin F. Roebel
INDIANA ATTORNEY GENERAL
justin.roebel@atg.in.gov